| | |
|---|---|
| Liz Boydston (SBN 24053684) | Max Schlan (*Pro Hac Vice* Pending) |
| Alexandria Rahn (SBN 24110246) | Ren-Ann Wang (*Pro Hac Vice* Pending) |
| GUTNICKI LLP | GUTNICKI LLP |
| 10440 N. Central Expressway, Suite 800 | 45 Rockefeller Plaza, Suite 2000 |
| Dallas, Texas 75231 | New York, New York 10111 |
| Telephone: (469) 895-4413 | Telephone: (646) 825-2330 |
| Facsimile: (469) 895-4413 | Facsimile: (646) 825-2330 |
| lboydston@gutnicki.com | mschlan@gutnicki.com |
| arahn@gutnicki.com | rwang@gutnicki.com |

*PROPOSED COUNSEL TO THE DEBTORS*
*AND DEBTORS IN POSSESSION*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TOMMY'S FORT WORTH, LLC, | ) | Case No. 24-90000-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S LEWISVILLE, LLC, | ) | Case No. 24-90001-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| HIGH COUNTRY WATERSPORTS, LLC, | ) | Case No. 24-90002-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S GRAND RAPIDS, | ) | Case No. 24-90003-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| MKB FLORIDA HOLDINGS, LLC, | ) | Case No. 24-90004-11 |

|  |  |  |
|---|---|---|
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S CALIFORNIA FRESNO, LLC, | ) | Case No. 24-90005-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S STOCKTON, LLC, | ) | Case No. 24-90006-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S CALIFORNIA VENTURA, LLC, | ) | Case No. 24-90007-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S CASTAIC, LLC, | ) | Case No. 24-90008-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S KNOXVILLE, LLC, | ) | Case No. 24-90009-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S CHATTANOOGA, LLC, | ) | Case No. 24-90010-11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMMY'S RANCHO CORDOVA, LLC, | ) | Case No. 24-90011-11 |
|  | ) |  |
|  | ) |  |

| | | |
|---|---|---|
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S DETROIT, LLC, | ) | Case No. 24-90012-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WALLOON LAKE VILLAGE MARINA, LLC, | ) | Case No. 24-90013-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S LAS VEGAS, LLC, | ) | Case No. 24-90014-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S PHOENIX, LLC, | ) | Case No. 24-90015-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S HOLDING COMPANY, LLC, | ) | Case No. 24-41734 |
| | ) | |
| Debtor. | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES**

Tommy's Fort Worth, LLC and each of its debtor-affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to §§ 105(a) and 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

3

"**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), directing the joint administration of these chapter 11 cases (these "**Chapter 11 Cases**") and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors rely upon, and incorporated by reference, the *Declaration of Monica Blacker in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[1] filed contemporaneously with this Motion. In further support of this Motion, the Debtors respectfully state as follows:

### I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "**Court**") has jurisdiction over these Chapter 11 Cases, the Debtors and their estates and this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue of these Chapter 11 Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are Bankruptcy Code §§ 342(c)(1) and 105(a), Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1.

### II. BACKGROUND

4. On May 20, 2024, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the

---

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

4

date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated by reference herein.

### III. RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order, pursuant to sections 342(c)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 1005 and 1015, substantially in the form attached hereto as **Exhibit A**, (i) authorizing joint administration of these Chapter 11 Cases for procedural purposes only, and (ii) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of *Tommy's Fort Worth, LLC, et al.* Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect all of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

8. The Debtors further seek entry of an order directing the Clerk of Court to maintain one file and one docket for all these Chapter 11 Cases under the case name *Tommy's Fort Worth, LLC*. In addition, the Debtors seek the Court's direction that separate docket entries be made on the docket of the other Cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Tommy's Fort Worth, LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Tommy's Fort Worth, LLC, Case No. 24-90000-11 should be consulted for all matters affecting this case."

5

The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

</div>

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOMMY'S FORT WORTH, LLC, *et al.*,[1] | ) Case No. 24-90000-11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

### IV. **BASIS FOR RELIEF**

9. Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Bankruptcy Rule 1015(b)(4). Local Rule 1015-1 further provides, "[w]hen a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case." Additionally, "[t]he filing of a joint petition shall be deemed an order directing joint administration for the purpose of Bankruptcy Rule 1015, unless the court orders otherwise." Local Rule 1015-1(b).

10. Section 101(2) of the Bankruptcy Code, defines the term "affiliate," in pertinent part, as:

> (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) a person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

11. Section 342(c)(1) of the Bankruptcy Code requires, in relevant part, that notice "required to be given by the debtor to a creditor. . . shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1).

12. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. As set forth in the First Day Declaration, each Debtor filed a voluntary petitions under chapter 11 of the Bankruptcy Code. Matthew Borisch directly or indirectly owns 100% of the interests of each of the Debtors.[2] As such, the Debtors are "affiliates" as that term is defined

---

[2] Each debtor is owned directly by Matthew Borisch except for Walloon Lake Village Marina, LLC, MKB Florida Holdings, LLC, Tommy's Grand Rapids, LLC and High Country Watersports, LLC, which are each wholly owned by the Matthew Allen Borisch Trust, which is in turn wholly owned by Matthew Borisch. Tommy's Detroit, LLC, Tommy's Stockton, LLC, and Tommy's Rancho Cordova, LLC each are wholly owned by Tommy's Holding Company, LLC, which is in turn wholly owned by Matthew Borisch.

in Bankruptcy Code § 101(2). Accordingly, the Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes only under Bankruptcy Rule 1015(b).

14. The Debtors operate as an integrated business with common ownership and control. The Debtors also share the same financial and operational systems. As a result, many—if not all—of the motions, hearings, and orders that will arise in these cases will affect all Debtors. Joint administration of these Chapter 11 Cases, therefore, will reduce fees and administrative burdens by avoiding duplicative filings, objections, notices, and hearings.

15. Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to, among other things, (a) use a single caption on the numerous documents that will be served and filed in these chapter 11 cases and (b) file the pleadings in one case rather than in multiple cases. Moreover, the Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the Office of the United States Trustee in supervising these Chapter 11 Cases and will permit the Clerk of the Court to use a main docket for all of the Debtors' cases, allowing the Debtors and other parties in interest to combine notices to creditors and other interested parties. Further, joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

16. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases, as this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates. Each creditor and other party in interest will maintain whatever rights it has against each particular estate in which it allegedly has a claim or right. Furthermore, joint administration will: (a) reduce the volume of pleadings that otherwise

would be filed with the Clerk of the Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate Chapter 11 Cases.

17. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. See, e.g., *In re Think Finance, LLC, et al.*, Case No. 17-33964 (Bankr. N.D. Tex. Oct. 23, 2017) [Dkt. No. 7]; *In re Preferred Care, Inc., et al.*, Case No. 17-44642 (Bankr. N.D. Tex. Nov. 13, 2017) [Dkt. Nos. 89, 104]; *In re Williams Financial Group, Inc., et al.*, Case No. 17-33578 (Bankr. N.D. Tex. Sept. 24, 2017) [Dkt No. 39]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

18. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## V. NOTICE

19. Notice of this Motion will be provided to the following parties or their counsel, if known: (a) the Office of the United States Trustee for Region 6; (b) the Debtors' prepetition secured creditors; (c) the Internal Revenue Service; (d) all relevant state taxing authorities; (e) the parties included on the Debtors' consolidated list of their thirty largest unsecured creditors; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## VI. NO PRIOR REQUEST

20. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: May 21, 2024

Respectfully submitted,

**GUTNICKI LLP**

*/s/Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
Gutnicki LLP
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Telephone: (469) 895-4413
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* Pending)
Ren-Ann Wang (*Pro Hac Vice* Pending)
Gutnicki LLP
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330

*PROPOSED COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION*

## **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S FORT WORTH, LLC, | ) | Case No. 24-90000-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S LEWISVILLE, LLC, | ) | Case No. 24-90001-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HIGH COUNTRY WATERSPORTS, LLC, | ) | Case No. 24-90002-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S GRAND RAPIDS, | ) | Case No. 24-90003-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MKB FLORIDA HOLDINGS, LLC, | ) | Case No. 24-90004-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S CALIFORNIA FRESNO, LLC, | ) | Case No. 24-90005-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S STOCKTON, LLC, | ) | Case No. 24-90006-11 |
| | ) | |

|  |  |  |
|---|---|---|
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S CALIFORNIA VENTURA, LLC, | ) | Case No. 24-90007-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S CASTAIC, LLC, | ) | Case No. 24-90008-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S KNOXVILLE, LLC, | ) | Case No. 24-90009-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S CHATTANOOGA, LLC, | ) | Case No. 24-90010-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S RANCHO CORDOVA, LLC, | ) | Case No. 24-90011-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TOMMY'S DETROIT, LLC, | ) | Case No. 24-90012-11 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| WALLOON LAKE VILLAGE MARINA, LLC, | ) | Case No. 24-90013-11 |
| | ) | |

2

|  |  |
|---|---|
| Debtor. | ) |
| In re: | ) Chapter 11 |
|  | ) |
| TOMMY'S LAS VEGAS, LLC, | ) Case No. 24-90014-11 |
|  | ) |
| Debtor. | ) |
|  | ) |
| In re: | ) Chapter 11 |
|  | ) |
| TOMMY'S PHOENIX, LLC, | ) Case No. 24-90015-11 |
|  | ) |
| Debtor. | ) |
|  | ) |
| In re: | ) Chapter 11 |
|  | ) |
| TOMMY'S HOLDING COMPANY, LLC, | ) Case No. 24-41734 |
|  | ) |
| Debtor. | ) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
DEBTORS' CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of an Order Authorizing and Directing the Joint Administration of the Debtors' Chapter 11 Cases* (the "**Motion**"),[1] filed by the above-captioned debtors (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing and directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, all as further described in the Motion; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iii) venue of this Motion in this District is proper under

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

3

28 U.S.C. §§ 1408 and 1409, and (iv) due and proper notice of the Motion and the hearing thereon has been given as set forth in the Motion and no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of Tommy's Fort Worth, LLC, Case No. 24-90000-11.

3. If, when filed, these Chapter 11 Cases were assigned to separate judges, all of these Chapter 11 Cases shall be transferred to the judge presiding over the case of Tommy's Fort Worth, LLC, Case No. 24-90000-11.

4. Parties in interest are directed to use the proposed caption, attached hereto as Exhibit 1, which satisfies the requirements of Bankruptcy Code section 342(c), when filing a pleading with the Court in the Debtors' Chapter 11 Cases, indicating that the pleading relates to the jointly administered Cases.

5. The Clerk of this Court shall make a docket entry in each Case (except that of Tommy's Fort Worth, LLC) substantially as follows:

4

> "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Tommy's Fort Worth, LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Tommy's Fort Worth, LLC, Case No. 24-90000-11 should be consulted for all matters affecting this case."

6. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any Debtor shall file such proof of claim in the Case of each Debtor to which such claim relates.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Cases.

11. Notwithstanding the relief granted in this Order, each of the Debtors shall file its own schedules and statements of financial affairs, which shall be docketed in its respective case.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

###End of Order####

Proposed Order Submitted By:

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* to be filed)
Ren-Ann Wang (*Pro Hac Vice* to be filed)
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com
rwang@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 1**

Proposed Caption

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S FORT WORTH, LLC, *et al.*,[1] | ) | Case No. 24-90000-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).